**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-13-1499-PHX-NVW (BSB) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Arthur Fried, | ) | |
| Defendant. | ) | |

   This case arises on Defendant's second Motion to Continue Not Guilty Arraignment, filed only two days before Defendant's December 11, 2013 initial appearance and arraignment. (Doc. 10) Defendant requests a continuance of his arraignment "for a period of thirty days (30) weeks [sic]" because he is "very ill." The motion indicates his doctor recommends Defendant not fly at this time due to his high fever and illness and attaches thereto Dr. Paul Rosenstock's letter, dated December 9, 2013, confirming Defendant has been "advised not to fly." (*Id.,* Exhibit 1) The Court has conducted an expedited telephonic conference with both the Government's attorney and defense counsel, who will be appointed to represent the Defendant. Defendant's counsel has indicated she will promptly move that Defendant's physical presence be waived and that he appear by teleconference for the initial appearance and arraignment.

**I. Background**

   The docket reflects Defendant, a New York resident, was indicted by a Phoenix

1 federal grand jury on October 29, 2013 on three counts of Wire Fraud, 12 counts of 2 Counterfeit/Forged Securities, and one count of Aggravated Identity Theft, all serious 3 felonies. Upon the grand jury's return with the indictment, Defendant was summoned to 4 appear at the Sandra Day O'Connor U.S. Courthouse for his initial appearance and 5 arraignment on November 13, 2013. Five days before his original initial appearance and 6 arraignment, Defendant moved for a continuance "to allow time for the defendant to prepare 7 necessary travel arrangements. . . and request[ed] the not guilty arraignment be scheduled 8 after December 1, 2013." (Doc. 7 at 1) Defendant's motion was granted and the initial 9 appearance and arraignment was reset to December 11, 2013 at 10:30 AM in Courtroom 10 302, 401 West Washington Street, Phoenix, AZ 85003. Although the motion does not 11 mention it, Defendant has not yet had an initial appearance nor have conditions of release 12 been established.

13 Pretrial Services ("PTS") has confirmed that Defendant contacted PTS as directed, 14 providing sufficient information about himself for PTS to recommend that Defendant be 15 released on conditions. (Sealed doc. 8)  Significantly, PTS has verified through the National 16 Crime Information Center and the Arizona Criminal Justice Information System that 17 Defendant has no criminal record.

18 **II. Waiver of Arraignment**

19 The Federal Rules of Criminal Procedure exclusively govern criminal proceedings 20 in federal courts and have the force and effect of law. *See* Fed.R.Crim.P. 1(a)(1) ("These 21 rules govern the procedure in all criminal proceedings in the United States district courts, the 22 United States courts of appeals, and the Supreme Court of the United States."); *United States* 23 *v. Prieto-Villa*, 910 F.2d 601, 609 (9th Cir. 1990) (citations omitted). Rule 43, 24 Fed.R.Crim.P., controls the circumstances under which a criminal defendant must be 25 physically present in the courtroom. Rule 43 provides:

26
27     (a) When Required. Unless this rule, Rule 5, or Rule 10 provides otherwise,
         the defendant must be present at:
28            (1) the initial appearance, the initial arraignment, and the plea;

>   (2) every trial stage, including jury impanelment and the return of the verdict; and
>
>   (3) sentencing.

Rule 43(a), Fed.R.Crim.P. (emphasis added). Federal Rule of Criminal Procedure 5, which governs initial appearances, authorizes a defendant to appear for his initial appearance by video teleconference if the defendant consents. *See United States v. Klos*, 2013 WL 2237543, at *2 (D. Ariz. May 20, 2013) (citing Rule 5(f), Fed.R.Crim.P.); *United States v. Jones*, 410 F.Supp.2d 1026, 1030 (D. N.M. 2005). Similarly, Rule 10(c) allows a defendant to appear for his arraignment by video teleconference "if the defendant consents[,]" and there is compliance with the conditions set forth in Rule 10(b), Fed.R.Crim.P.

Federal Rule of Criminal Procedure 10(b) provides:

> A defendant need not be present for the arraignment if: (1) the defendant has been charged by indictment or misdemeanor information; (2) the defendant, in a written waiver signed by both the defendant and defense counsel, has waived appearance and has affirmed that the defendant received a copy of the indictment or information and that the plea is not guilty; and (3) the court accepts the waiver.

Fed.R.Crim.P. 10(b). The Advisory Committee Notes explain that "[t]he question of when it would be appropriate for a defendant to waive an appearance is not spelled out in the rule. That is left to the defendant and the court in each case." Fed.R.Crim.P. 10, Advisory Committee Notes to 2002 Amendments.

**III. Discussion**

Because the Government is not seeking Defendant's detention and he will be released on conditions at his initial appearance, there has already been one continuance of his initial appearance and arraignment, Defendant is too ill to travel from New York to Phoenix at this time, Defendant has no prior criminal history, and "the right to a speedy trial belongs not only to the defendant, but to society as well[,]"[1] the Court will deny Defendant's second Motion to Continue Not Guilty Arraignment, but, upon Defendant's anticipated request and

---

[1] *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1156 (9th Cir. 2000) (citing *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) (citation omitted).

- 3 -

consent, will authorize Defendant to appear by video teleconference for his initial appearance and arraignment. The unusual circumstances of this case justify the Court exercising its discretion to allow Defendant to appear by video teleconference for his initial appearance and arraignment until he is physically well enough to travel to Phoenix for further proceedings and processing through the U.S. Marshal's Service.

Based on the foregoing,

**IT IS ORDERED** that Defendant's second Motion to Continue Not Guilty Arraignment, doc. 10, is **DENIED**.

DATED this 10th day of December, 2013.

Lawrence O. Anderson
United States Magistrate Judge